Ray Gasper v. Commissioner.
Gasper v. Commissioner
Docket No. 32352.
United States Tax Court
1953 Tax Ct. Memo LEXIS 53; 12 T.C.M. (CCH) 1323; T.C.M. (RIA) 53370; November 25, 1953
*53 Edgar W. Pugh, Esq., for the petitioner. Charles Speed Gray, Esq., for the respondent. WITHEY
Supplemental Memorandum Findings of Fact and Opinion WITHEY, Judge: On June 30, 1953, we entered our Memorandum Findings of Fact and Opinion [12 TCM 772,] in this proceeding. From the evidence submitted as to a percentage mark-up method employed by respondent in determining the amount of the petitioner's liquor sales for 1945, we found that the method produced results at variance with the facts shown as to the number of drinks obtained per bottle, the selling prices for the different groups of brands, and the number of bottles in each selling price group sold during that year. Consequently, we held that the petitioner's receipts from the sale of liquor during 1945 were to be recomputed by multiplying the number of bottles in each selling price group by 22 drinks per bottle and multiplying that product by the selling price per drink. The record showed that in determining the petitioner's liquor sales for 1942, 1943, 1944 and 1946 the respondent employed a percentage mark-up method as in the case of 1945. In view of this and in view of the erroneous results *54 flowing from the use of the mark-up method for 1945, and since the record clearly indicated that the actual number of bottles of liquor purchased during each of the years 1942, 1943, 1944 and 1946 and the cost of each was available to and in the possession of the petitioner and had also been available to and in the possession of the respondent, we held that the petitioner's receipts from the sale of liquor for those years were to be recomputed by the method directed for recomputing such sales for 1945. A Rule 50 hearing was ordered in order that the petitioner's receipts from the sale of liquor might be computed upon the basis of his actual liquor purchases rather than upon the formula applied by respondent, and also in order that effect could be given to certain concessions made by respondent as to other issues. Petitioner filed a recomputation for 1945 only, asserting therein that he was unable to compute income on the basis of our opinion for the other years at issue because of the lack of any evidence in the record with respect to the number of bottles of liquor purchased during those years and the price of each. Respondent filed no recomputation and at the hearing under Rule *55 50 gave the same reason as the petitioner for his failure so to do. The Court thereupon ordered further hearing to be held on November 12, 1953, with respect to the actual purchases of liquor by petitioner for the years 1942, 1943, 1944 and 1946 or, in lieu of such hearing, the filing of a stipulation of facts by the parties as to petitioner's liquor purchases for said years. At said further hearing neither party offered any evidence nor have the parties filed any stipulation of facts concerning said purchases. Although the evidence of record indicates that the method which we directed be employed in recomputing the petitioner's receipts from liquor sales in the years 1942 through 1946 would fairly reflect such receipts, the failure of the petitioner, after having been afforded the opportunity, to furnish the necessary evidence precludes the use of that method for years other than 1945. Although the mark-up method employed by respondent is not one calculated to correctly establish the petitioner's receipts, the petitioner has the burden of showing that, as used by the respondent for the years in controversy, such method produced erroneous results. Except for the year 1945 no such *56 showing has been made. Nor has the petitioner proposed any other method or basis as being one calculated to more correctly reflect his receipts from liquor sales in the years other than 1945. In view of the state of the record, the respondent's determination of the amount of receipts from liquor sales in the years 1942, 1943, 1944 and 1946 is sustained. Except as herein modified, the Memorandum Findings of Fact and Opinion heretofore entered in this proceeding is in all respects affirmed. Recomputations of the petitioner's tax liability by the parties will be made accordingly. Decision will be entered under Rule 50.